IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**STEPHANIE BUSH,**
**Claimant Below, Petitioner**

**v.) No. 25-ICA-174**       (JCN: 2024004016)

**STATE AGENCIES OF WV,**
**Employer Below, Respondent**

**FILED**
**October 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Stephanie Bush appeals the April 3, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent State Agencies of WV ("State") filed a response.[1] Ms. Bush did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which granted a 4% permanent partial disability ("PPD") award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to the compensable injury, on May 4, 2020, Ms. Bush was seen by Justin Clay, PA-C. PA-C Clay indicated that Ms. Bush's chronic medical conditions included being overweight and osteoarthritis of the right hip; that she reports weight gain due to right hip pain; that she has not been able to exercise due to hip issues; and that she had hip surgery in 2017. On September 5, 2023, the claim administrator issued an order holding the claim compensable for fractures of the right pelvis and right wrist.

On March 7, 2024, Prasadarao Mukkamala, M.D., performed an independent medical evaluation ("IME") of Ms. Bush. Dr. Mukkamala stated that Ms. Bush suffered her compensable injury on August 29, 2023, when she tripped and fell while getting a mower out of the garage at work. Dr. Mukkamala assessed a fracture of the right distal radius, which had been treated with internal fixation and healed with no complications, a fracture of the right superior and inferior pubic rami, and a sacral fracture healed with no

---

[1] Ms. Bush is represented by Edwin H. Pancake, Esq. State is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

1

complications and no displacement. He found that Ms. Bush had reached maximum medical improvement ("MMI"), but that she would require one or two more follow-up visits with her orthopedic surgeon to check the hardware fixation with relation to the right distal radius fracture. Dr. Mukkamala opined that Ms. Bush was working with no restrictions. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Mukkamala found that the pelvic fractures have healed, leaving no residual deficits or displacement; and that under Section 3.4 on page 13 of the *Guides*, the impairment was 0%. Regarding the right wrist fracture, Ms. Bush had 4% whole person impairment ("WPI") for range of motion abnormalities. Dr. Mukkamala attributed the 4% impairment to the compensable injury.

Bruce Guberman, M.D., performed an IME of Ms. Bush on July 3, 2024. Dr. Guberman assessed a right comminuted intra-articular distal radius fracture and ulnar styloid fracture status-post open reduction and internal fixation of the distal radius, right superior and inferior pubic ramus fractures, and a right sacral fracture with closed reduction. Dr. Guberman opined that Ms. Bush had reached MMI for her compensable injuries. Using the *Guides*, Dr. Guberman found 5% WPI related to the right wrist for range of motion abnormalities; for the pelvic fractures, he found 0% impairment from Section 3.4 on page 131, and 2% impairment from page 9 under the heading "Adjustments for Effects of Treatment or Lack of Treatment" since Ms. Bush requires ongoing medication for pain in order to maintain her current level of functioning. Dr. Guberman combined the 5% impairment for the right wrist with the 2% for the pelvic fractures for a total of 7% WPI.

Dr. Mukkamala authored a supplemental report dated September 12, 2024. Dr. Mukkamala indicated that he had reviewed the July 3, 2024, report from Dr. Guberman and that he "sharply disagrees" with Dr. Guberman's impairment calculation. Regarding the wrist fractures, Dr. Mukkamala stated that at the time of his own evaluation, Ms. Bush's radial and ulnar deviation was normal, and Dr. Guberman failed to explain why Ms. Bush's range of motion worsened after the injury stabilized and after she reached MMI. Dr. Mukkamala stated that this is a static, not progressive, condition; and that he disagrees with Dr. Guberman's finding of 5% impairment for the right wrist. Regarding the pelvic fractures, Dr. Mukkamala reported that when he examined Ms. Bush on March 7, 2024, she reported no symptoms involving her pelvis, but that Dr. Guberman reported on July 3, 2024, that Ms. Bush complained of daily pelvic pain. Dr. Mukkamala opined that the use of page 9 of the *Guides* is erroneous, as this section of the *Guides* applies to specific situations such as hypothyroidism and diabetes, not fractures, and that, in this case, an impairment rating should be based upon physical findings. He indicated that the pelvic fractures were treated and allowed to heal by natural means. Ultimately, Dr. Mukkamala stated that he maintains his finding that Ms. Bush had reached MMI with 4% WPI resulting from his compensable injuries.

2

On April 3, 2025, the Board affirmed the claim administrator's order granting a 4% PPD award. The Board found that the preponderance of the evidence established that Ms. Bush has 4% WPI related to her compensable injury. Ms. Bush now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Ms. Bush argues that the Board erred in finding that Dr. Guberman's report was unreliable. Further, Ms. Bush argues that the Board should have found that the reports of Drs. Guberman and Mukkamala were of equal weight. We disagree.

Here, the Board found that Ms. Bush has 4% WPI related to the compensable injury. Further, the Board found that Dr. Guberman's report was not reliable because it was not supported by the medical evidence. The Board noted that Dr. Guberman failed to explain why Ms. Bush's wrist range of motion became worse four months after Dr. Mukkamala documented that the wrist fractures had stabilized.

Upon review, we conclude that the Board was not clearly wrong in finding that the evidence establishes that Ms. Bush has 4% WPI related to the compensable injury. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With

3

this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order.

Accordingly, we affirm the Board's April 3, 2025, order.

Affirmed.

**ISSUED:** October 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White